UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STYLIANOS S CHRISTIDIS, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| CARDWORKS SERVICING, LLC, a New York limited liability company, | **JURY TRIAL DEMANDED** |
| Defendant | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, STYLIANOS S CHRISTIDIS (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.  PLAINTIFF brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the Eastern District of Louisiana.  Venue is also proper in this District

because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Metairie, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. CARDWORKS SERVICING, LLC (hereinafter referred to as "DEFENDANT") is a New York limited liability company, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. Beginning in July of 2014, DEFENDANT began placing calls and sending correspondence in an attempt to collect a consumer debt from PLAINTIF.

11. In its communications with PLAINTIFF, DEFENDANT rather than providing its true name, misidentified itself to him as Merrick Bank, the original creditor.

12. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to actual damages, statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not

specified herein.  PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes: A class consisting of nationwide consumers who:

   a. Within one year prior to the filing of this action;

   b. Received a communication from DEFENDANT in which DEFENDANT failed to identify itself as CARDWORKS SERVICING, LLC during its attempts to collect a consumer debt.

15. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

16. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(10) and e(14) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS

17. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 16 inclusive, above.

18. A debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

19. A debt collector is also prohibited from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

20. Here, DEFENDANT failed to identify its true name, CARDWORKS SERVICING, LLC, when communicating with PLAINTIFF during collections, but rather misrepresented that it was Merrick Bank.

21. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF, on behalf of himself and those similarly situated, is entitled to recover statutory damages, actual damages, and reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

22. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 21st day of November 2014.

**GESUND & PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd
Suite 701
Metairie, LA 70002
Tel: (702) 300-1180
gesundk@gesundlawoffices.com
Attorney for Plaintiff